Davis, J.
We do not think it is at all necessary to follow the intricacies of the law of vendor and purchaser in this case, for it appears to us quite clear that the defendant in error has no enforceable lien as against the plaintiffs in error.
Assuming that Dunfee agreed with ■ the defendant in error to pay twenty-five hundred dollars on the mortgage held by The Union Central Life Insurance Comnanv. which by the way is controverted the defendant in error can assert no lien against the mortgagee or those holding under *254 it; for as between the mortgagee and Need.and the defendant in error Emigh, the latter became the principal and Need the surety for the payment of twenty-five hundred dollars on the mortgage, by virtue of Emigh’s assumption of that amount as part of the consideration for his deed. Poe v. Dixon, 60 Ohio St., 124. It was upon this theory that judgment was rendered against Need, which he paid and then recovered from Emigh. If the defendant in error had an agreement with his vendee, Dunfee, to pay twenty-five hundred dollars on the mortgage, and the latter failed to perform, undoubtedly the defendant in error would have a right of action against Dunfee; but such an agreement could not change the relations between the defendant in error and the mortgagee, The Union Central Life Insurance Company. He still remained liable for the debt, unless it were paid by his vendee, Dunfee. It was not so paid except by sale of the land under the mortgage; and therefore if the defendant in error were allowed to enforce a vendor’s lien as against Dunfee in this action, it would bring about a circuity of actions which is not tolerated in equity.
The plaintiff in error, Cline, holds under the mortgagee, The Union Central Life Insurance Company, and besides, from the conceded facts appears to have been an innocent purchaser.
The judgment of the circuit court is reversed, and we render final

Judgment for plaintiffs in error.

Summers, C. J., Crew, Spear, Shauck and Price, JJ., concur.